NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN MAMMEN; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF SACRAMENTO, Department of Health and Human Services; et al., <br><br> Defendants-Appellees. | No. 18-16270 <br> 18-16804 <br><br> D.C. No. <br> 2:13-cv-01588-JAM-DB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 13, 2021[**]
San Francisco, California

Before: McKEOWN, RAWLINSON, and BADE, Circuit Judges.

A.P., a dependent minor with special needs, and his adoptive parents, Robin

and Larry Mammen (collectively, "Plaintiffs") sued the County of Sacramento and

multiple social workers (collectively, "Defendants"), alleging that they violated

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs' constitutional rights as a result of their prohibition of certain occupational therapy techniques, including one in which A.P. was wrapped up like a burrito (the "wrapping technique"). After trial, a jury unanimously found in Defendants' favor. Plaintiffs now appeal the district court's rulings in its April 25, 2017 order on Defendants' motion for summary judgment, and in response to a motion in limine, that the wrapping technique is unlawful under California Code of Regulations, title 22, sections 89372(a)(8) and 89475.2(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Plaintiffs first argue that the district court erred as a matter of law by concluding that the wrapping technique violates California law. *See Paulson v. City of San Diego*, 294 F.3d 1124, 1128 (9th Cir. 2002) (en banc) ("We review de novo the district court's interpretation of state law."). We disagree. The California Code of Regulations provides that, "[e]xcept for postural supports and protective devices . . . , the caregiver shall not restrain or use any restraining devices on a 'child.'" Cal. Code Regs. tit. 22, § 89475.2(a); *see also id.* § 89372(a)(8). A "restraining device" is defined as "any physical or mechanical item that is attached or next to the body of a 'child' that a 'child' cannot remove easily and keeps the 'child' from moving freely as specified in Section 89475.2, Postural Supports and Protective Devices," *id.* § 89201(r)(3), such as by "tying, depriving, or limiting a 'child' from use of hands or feet," *id.* § 89475.2(a)(1)(C).

2

Although Plaintiffs assert that there is a dispute of fact on the details of the wrapping technique, we are unable to identify any such dispute in the record. Indeed, Plaintiffs' own descriptions of the wrapping technique establish that it is a "direct violation of § 89475.2's prohibition on limiting a child's use of his hands or feet," as the district court concluded. To use the wrapping technique, Ms. Mammen stated that A.P. is "wrapped up like a burrito" in a piece of stretchy fabric that A.P. could "push on" but which Ms. Mammen held taut by tucking a piece of the fabric underneath her thigh. In their opposition to two of the Defendants' motion to dismiss, Plaintiffs relied on a description of the wrapping technique indicating that the "fabric is placed over a child's arms but below the shoulders and above the hips." These explanations show that A.P.'s arms are within or under a piece of material placed on or around his body such that the technique constitutes a "restraining device" "depriving[] or limiting" A.P. of the use of his hands and mobility. Cal. Code Regs. tit. 22, § 89475.2(a). For these reasons, the district court also correctly concluded that the wrapping technique does not qualify as an exception to California's anti-restraint rule as a "postural support" or "protective device." *See id.*

We decline to reach Plaintiffs' arguments raised for the first time on appeal relating to the California Welfare and Institutions Code, the Americans with Disabilities Act, and Rehabilitation Act, especially considering that Plaintiffs do

3

not provide any authority supporting their assertion that these statutes contradict or "preempt" the restraint-regulation. *See Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007) ("[G]enerally, 'we will not consider arguments that are raised for the first time on appeal.'" (quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)).

Because the district court did not err in ruling that the wrapping technique violated California law, we need not consider Plaintiffs' contention that these rulings prejudiced the trial or led to an erroneous verdict. In any event, Plaintiffs confirmed at trial that they were not contesting that the wrapping technique was prohibited by the state, failed to identify how Defendants' closing argument resulted in any prejudicial error, did not identify any documents or witnesses they assert were improperly precluded from trial, and did not raise any specific objection to the jury instructions which they contend Defendants then used to prejudice the jury. *See id.*; *Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1193 (9th Cir. 2006) ("This Court will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." (internal quotation marks and citation omitted)).

**AFFIRMED.**